*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CARLONDA NAISHE SWOOPE,

        Plaintiff-Appellee,

v

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

        Defendant-Appellant.

UNPUBLISHED
December 14, 2023

No. 364924
Wayne Circuit Court
LC No. 21-011402-NF

Before: LETICA, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

In this interlocutory appeal arising under Michigan's no-fault act, MCL 500.3101 *et seq.*, defendant, Citizens Insurance Company of the Midwest, appeals by leave granted[1] the order denying its motion for summary disposition under MCR 2.116(C)(10) (no genuine question of fact).[2] We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff, Carlonda Naishe Swoope, was injured in an October 27, 2020 automobile accident. Plaintiff was driving a car owned by a friend. At the time of the accident, she did not have a valid driver's license. Neither plaintiff, nor the car's owner, maintained an automobile insurance policy. As a result, plaintiff sought personal protection insurance (PIP) benefits for her injuries through the Michigan Assigned Claims Plain (MACP). MACP assigned plaintiff's claim to defendant.

---

[1] *Swoope v Citizens Ins Co*, unpublished order of the Court of Appeals, entered March 24, 2023 (Docket No. 364924).

[2] Defendant also moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim), but it is apparent from the order that the trial court denied summary disposition under subsection (C)(10).

Defendant denied coverage and plaintiff filed the instant complaint seeking payment for PIP benefits. Thereafter, defendant moved for summary disposition, arguing there was no genuine question of fact that plaintiff was unlawfully operating the car. The trial court denied the motion. Defendant moved for reconsideration, but that motion was denied. This appeal followed.

## II. UNLAWFUL OPERATION

Defendant argues the trial court erred in denying its motion for summary disposition under MCR 2.116(C)(10) because there was no genuine question of fact plaintiff was unlawfully operating the car, and therefore was not entitled to PIP benefits under the no-fault act. We agree.

## A. STANDARD OF REVIEW

A (C)(10) motion for summary disposition "tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In evaluating these motions, "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. (citation omitted). If the movant satisfies this burden,

> The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996).]

This case also involves issues of statutory interpretation, which we review de novo. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009).

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001) (citations omitted).]

## B. LAW AND ANALYSIS

Under the no-fault act, automobile insurers are required to provide PIP benefits for certain injuries related to motor vehicle accidents. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017). "The no-fault act's initial scope of coverage for PIP benefits is set forth in MCL 500.3105(1) . . . ." *Id*. This statute states that insurers are "liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105(1). But, "[t]he no-fault act permits an insurer to

avoid coverage of PIP benefits under certain enumerated circumstances." *Meemic Ins Co v Fortson*, 506 Mich 287, 303; 954 NW2d 115 (2020).  MCL 500.3113(a) articulates one of these circumstances:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

> (a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully.  [MCL 500.3113(a).]

In *Ahmed v Tokio Marine America Ins Co*, 337 Mich App 1, 10; 972 NW2d 860 (2021), this Court set forth a three-prong test to evaluate claims under MCL 500.3113(a).  *Ahmed* held that "the disqualification applies to any person (1) willingly operating or willingly using a motor vehicle or motorcycle that (2) was unlawfully taken by someone, and (3) the person seeking benefits knew or should have known that the motor vehicle was taken unlawfully." *Id*. (quotation marks omitted).  This "should have known" standard requires a person to determine whether they have permission to take a vehicle "because a person may not simply take what he knows to be another's property without taking any steps to determine if the owner authorized the taking." *Id*. at 27.  Indeed, "the mere assumption or supposition that it must be permissible to take a third party's property, without more, does not satisfy the 'should have known' standard of MCL 500.3113(a)." *Id*.

"[A]ny violation of the criminal law that leads to a taking of a motor vehicle will constitute an 'unlawful taking' for purposes of MCL 500.3113(a)." *Id*. at 11 n 5.  Violations of criminal law include certain provisions of the Michigan Vehicle Code, MCL 257.1 *et seq.*  For example, MCL 257.301 concerns the legality of operating a vehicle without a valid driver's license.  It states, in part:  "[A]n individual shall not drive a motor vehicle on a highway in this state unless that individual has a valid operator's or chauffeur's license with the appropriate group designation and indorsements for the type or class of vehicle being driven or towed." MCL 257.301(1).  Violations of this statute are considered "unlawful" for purposes of MCL 500.3113(a) because there are related criminal penalties.  See MCL 257.901; see also *Ahmed*, 337 Mich App at 20 n 8 ("Violation of [MCL 257.301 and MCL 257.310e(4)] was 'unlawful' . . . because there are associated criminal penalties.").

Defendant's motion for summary disposition focused on the second and third prong of the *Ahmed* test.[3]  It moved for summary disposition, in part, because plaintiff admitted she did not have a valid driver's license at the time of the accident.  In support of this assertion, defendant attached plaintiff's deposition testimony in which she admitted she did not have a valid license.

---

[3] On appeal, the parties agree the first prong—whether plaintiff operated the vehicle willingly—is not at issue.

This information satisfied the second prong because operating a vehicle without a valid license is unlawful for purposes of MCL 500.3113(a).

This evidence also satisfied the third prong, whether plaintiff knew or should have known the motor vehicle was taken unlawfully. Plaintiff testified she knew her license was suspended when she took the vehicle and therefore she should have understood that driving the vehicle without a valid license was unlawful. See, e.g., *Ahmed*, 337 Mich App at 26-27 (drivers should know their driving status). Plaintiff also admitted during her deposition that the vehicle's owner did not give her permission to drive the car. As noted above, the "should have known" standard is only satisfied if the plaintiff took any steps to determine whether "the owner authorized the taking." *Id*. at 27. By plaintiff's own admission, she failed to take any steps to ensure the taking was authorized. Accordingly, defendant satisfied its preliminary burden to demonstrate that there existed no genuine question of fact for a jury to resolve.

The burden then shifted to plaintiff to demonstrate a genuine question of material fact to be resolved at trial. Although plaintiff presented some documentary evidence in support of her response to the motion for summary disposition, none of this evidence showed she had a valid driver's license at the time of the accident. Moreover, she offered no evidence showing the vehicle's owner authorized her use of the vehicle. She, therefore, failed to meet her burden as the nonmoving party. *Quinto*, 451 Mich at 362-363. Summary disposition should have been granted on this basis, and the trial court erred when it concluded otherwise.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

-4-